STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

April 15, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**R.C.,**
**Petitioner Below, Petitioner**

**vs) No. 15-0646** (Kanawha County 14-P-594)

**Patrick Mirandy, Warden,**
**St. Mary's Correctional Center**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner R.C.,[1] pro se, appeals the June 16, 2015, order of the Circuit Court of Kanawha County that dismissed his petition for writ of habeas corpus which challenged a denial of parole. Respondent Patrick Mirandy, Warden, St. Mary's Correctional Center, by counsel Benjamin Freeman, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner arrived in West Virginia on August, 25, 1996, after being paroled by Illinois on a conviction of armed robbery. On August, 26, 1996, petitioner's sister was murdered. On November 4, 1996, petitioner pled guilty to the first degree murder of his sister. Consistent with the plea agreement, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole. The circuit court committed petitioner to the custody of the West Virginia Division of Corrections ("DOC"). On January 29, 1997, the DOC compiled a report stating that there was evidence that in between strangling his sister and stabbing her to death, "[petitioner] removed his sister's clothing and sexually assaulted her." The West Virginia Parole Board

---

[1]Because petitioner's positive HIV status is addressed, this case is confidential pursuant to Rule 40(e)(4) of the West Virginia Rules of Appellate Procedure.

1

("board") received the DOC's report on February 4, 1997.

Petitioner most recently received a parole hearing on August 26, 2014. According to the hearing transcript, petitioner was evasive as to why he was in West Virginia in 1996 and whether he murdered his sister, stating that "I'm not denying any guilt. . . . I did do it or didn't do it." Twice, the board's hearing examiner had to correct petitioner by referring to earlier statements made by petitioner. Petitioner did not dispute his earlier statements. The hearing examiner also noted that petitioner had not had any prison disciplinary charges since 2008 and that petitioner had obtained a diploma in vocational training. However, the hearing examiner found that petitioner's statement that he had not caused "any problems" in West Virginia was untrue because "you are in prison for first degree murder." Petitioner answered, "Yes, sir."

Following the August 26, 2014, hearing, the board denied parole to petitioner and further determined that he would not receive another hearing for three years. The board concluded that "[petitioner's] crime was an egregious act of violence that warrants justification for extended parole consideration" and that "[petitioner's] continued incarceration will serve to protect society from possible future violence." The board further concluded that petitioner was "not prepared to reintegrate into society." Petitioner's next parole hearing is scheduled for August of 2017. However, the board informed petitioner that he had "the opportunity to submit information to the [b]oard . . . to request a review before the expiration of this period." Unsatisfied with the board's decision, petitioner filed a petition for writ of habeas corpus alleging that the board acted arbitrarily in denying him parole and that he should be interviewed by the board on an annual basis. On June 16, 2015, the circuit court dismissed petitioner's petition "because the petition has failed to demonstrate to this [c]ourt's satisfaction that [petitioner] is entitled to relief."

Petitioner appeals the circuit court's June 16, 2015, order dismissing his habeas petition challenging the board's August 26, 2014, denial of parole. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, the board's decision to deny parole is subject only to review for abuse of discretion. *See* Syl. Pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981) (citing *Tasker v. Mohn*, 165 W.Va. 55, 67, 267 S.E.2d 183, 190 (1980)).

On appeal, petitioner notes that in *Rowe*, we ordered the board to give Mr. Rowe another parole hearing because we found that the board improperly acted like a sentencing court by placing "[undue] emphasis upon the petitioner's criminal activity prior to incarceration." 167 W.Va. at 678, 280 S.E.2d at 306. We find *Rowe* to be distinguishable because, contrary to petitioner's contentions, we determine that the board did not place undue emphasis upon petitioner's criminal

2

activity. Instead, the board's questioning focused on petitioner's behavior while incarcerated. For example, the board's hearing examiner questioned petitioner about his vocational training during his incarceration and noted that petitioner had not had any prison disciplinary charges since 2008. However, the examiner also found that petitioner's statements at the parole hearing were not true because petitioner was evasive as to why he was in West Virginia in 1996 and whether he murdered his sister—a crime for which he pled guilty. Thus, we find that the board denied parole to petitioner both because of the "egregious" nature of his crime and because of petitioner's evasiveness about the circumstances, and not because of his prior criminal activity.[2]

Petitioner also alleges that the board denied parole to him because of his positive HIV status. Respondent counters that in this case, petitioner's positive HIV status played no role in the board's decision. Based on our review of the board's decision and the hearing transcript, we concur with respondent and determine that petitioner's positive HIV status was not a factor in the board's denial of parole.

Finally, petitioner argues that the board violated our holdings in *State ex rel. Carper v. West Virginia Parole Board*, 203 W.Va. 583, 509 S.E.2d 864 (1998), in determining that he would not receive another parole hearing for three years without performing a case-specific analysis. Petitioner committed his offense at a time when eligible inmates serving a life sentence were statutorily entitled to yearly reviews by the board; therefore, *Carper* applies to this case. *See* Syl. Pt. 2, 203 W.Va. at 585, 509 S.E.2d at 886. However, in Syllabus Point 3 of *Carper*, we held that the board could interview inmates less frequently if it concluded that "there will be no detriment or disadvantage to the prisoner from such an extension." *Id.* at 585, 509 S.E.2d at 886. In petitioner's case, the board concluded that petitioner was "not prepared to reintegrate into society." The board further concluded that the facts of petitioner's case constituted "justification for extended parole consideration." Given the "egregious" nature of petitioner's crime and his evasiveness about its circumstances, we agree with those conclusions. We find that the board further complied with *Carper* by informing petitioner that he had the opportunity to submit information to the board and to request a review before the expiration of the three year period. *See* Syl. Pt. 3, 203 W.Va. at 585, 509 S.E.2d at 886. Accordingly, we conclude that the board did not abuse its discretion in denying parole to petitioner and scheduling his next hearing for August of 2017.

For the foregoing reasons, we affirm the circuit court's June 16, 2015, order dismissing petitioner's habeas petition challenging the board's August 26, 2014, decision.

Affirmed.

---

[2] Petitioner disputes some of the circumstances of his crime by accusing respondent's counsel of falsely stating that there was evidence that petitioner sexually assaulted his sister before killing her. However, respondent's counsel's statement is supported by the January 29, 1997 report which was compiled by the DOC following petitioner's committal to its custody. The DOC's report was made part of the record on appeal when we granted respondent's motion to file a supplemental appendix by an order entered October 16, 2015. Thus, we reject petitioner's accusation that respondent's counsel has made false statements.

3

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II